```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION


JAMES M. BROADHEAD, #224802,    :

    Plaintiff,                  :

vs.                             :    CIVIL ACTION 12-264-WS-M

OFFICER S. TISH, et al.,        :

    Defendants.                 :
```

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se*,[1] was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

---

[1] The Court notes that the filing fee for this action has not been paid and Plaintiff has not filed a Motion to Proceed *in forma pauperis*.

> that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Plaintiff previously filed actions with this Court and has had actions dismissed pursuant to § 1915(g), the Court examined the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to verify that he has three or more *in forma pauperis* actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  From those dockets the Court discovered Plaintiff has had at least three actions dismissed for these reasons, namely, <u>Broadhead v. Hopkins, et al.</u>, CA 10-0439-LSC-RRA (N.D. Ala. June 18, 2010); <u>Broadhead v. McConuco, et al.</u>, CA 09-0384-CB-N (S.D. Ala. May 21, 2010); <u>Broadhead v. Kirrie, et al.</u>, CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010); and <u>Broadhead v. O'Brian, et al.</u>, CA 10-0475-JHH-RRA (N.D. Ala. June 22, 2010).  Thus, Plaintiff's present allegations come within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present action pursuant to § 1915(g), Plaintiff must satisfy the exception to § 1915(g), which requires that at the time of the complaint's filing, he show that he was "under imminent danger of serious physical injury." <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th

Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time); Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); see Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001).  To satisfy the exception to § 1915(g), Plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]"  Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.). Plaintiff has not done this.

In reviewing Plaintiff's allegations (Doc. 1), the Court does not discern a claim showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the complaint.  The Court received Plaintiff's complaint on April 13, 2012, and it appears to have been signed on April 2, 2012.  (Doc. 1).  No date was provided by Plaintiff in his allegations for when the alleged incident occurred.  In the

3

allegations Plaintiff complains chiefly about past conduct, that is, an assault that occurred prior to his filing the complaint. However, in an effort to determine when the incident occurred, the Court reviewed Plaintiff's allegations and concluded that his allegations are similar to and repeat allegations in his numerous other prior actions.

For instance, Plaintiff's present allegations closely track the allegations in Broadhead v. Pamton, CA 11-0605-CG-M (S.D. Ala. Feb. 17, 2012), which was filed on October 25, 2011. (Doc. 1). Those allegations are: he was beaten by four correctional officers at St. Clair Correctional Facility[2] with security sticks (the officers are different in each action and vary in number from two to four), his arm was broken in three places, staples were needed in his head, three or four teeth were knocked out, his feet and ankles were fractured, and he was hit 909 times in the present action and 879 times in the prior action. In the present action he was taken to Cooper-Green Hospital (which is in Birmingham, Alabama, in the Northern District).[3] McNamee v.

---

[2] In the present action, although somewhat unclear, it appears that Plaintiff claims that the incident occurred at St. Clair Correctional Facility, rather than at Holman Correctional Facility, as he has claimed in the past. (Doc. 1 at 4).

[3] Plaintiff has claimed in prior actions to have been taken to Cooper-Green Hospital following these same claims of assault. See Broadhead v. Earl, CA 11-0494-CG-N (S.D. Ala. Feb. 13,
(Continued)

Social Sec. Admin., 164 F. App'x 919, at **1 (11th Cir. 2006) (unpublished) (noting that Cooper-Green Hospital is in Birmingham, Alabama).

By failing to provide a date, Plaintiff has not shown imminence, and when the Court compared his present allegations to his allegations in CA 11-0605-CG-M, his present allegations do not show that imminent harm existed on April 2, 2012, because he made almost identical allegations in his prior action on October 25, 2011.[4] (Id. at 4).

---

2012); Broadhead v. Langford, CA 11-0320 (S.D. Ala. Oct. 24, 2011).

[4] The assault and injuries in this action can be found in many of Plaintiff's other actions in nearly identical terms. In Broadhead v. Kirrie, et al., CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010), the magistrate judge recommended dismissal of the action because "[a]lthough on its face the plaintiff's complaint would appear to state a cognizable claim of excessive force that could survive the initial screening process, a review of other recent actions filed by the plaintiff indicates that his allegations are fanciful and therefore frivolous." Doc. 10 at 2. The court went on to observe that the claim and injuries are nearly identical to those in numerous other cases brought by the Plaintiff and proceeded to list them, namely, Northern District case numbers: 10-439, 10-806, 10-1028, 10-1141, 10-1142, 10-53, 10-54, 10-113, 10-350, 10-388, 10-751, 09-2473, 09-2512, and 09-2606, and Southern District case numbers: 10-241, 10-12, and 10-129. Id. at n.3. The court found that the assault and injuries remained the same in these actions, but the defendants, date of assault, location, and number of blows that were inflicted changed. Id. at 3-4.

In Broadhead v. Earl, CV-11-0494-CG-N (S.D. Ala. Feb. 13, 2012), this Court reviewed the actions that Plaintiff filed just in this Court. (Doc. 4 at n.2). From 2010 to February 2012, (Continued)

5

Considering Plaintiff's present allegations, the Court finds that they do not show that he was under "imminent danger of serious physical injury" at the time of filing.  The assault occurred in the past, and Plaintiff does not plead specific facts to show a real and imminent danger of serious physical injury at the time of filing.  Accordingly, Plaintiff has failed to show that he is under "imminent danger of serious physical injury" when he filed the present action.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he <u>initiates</u> the suit"); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th

---

Plaintiff has filed twenty-three actions in this Court.  (<u>Id</u>.). Except for one action, which is void of allegations that would constitute a claim, namely, 10-0678-CB-M, his remaining twenty-two actions during that time period, contain an excessive force claim that is virtually identical to the present claim in every action.  <u>See</u> 10-0012-WS-C, 10-0129-KD-B, 10-0241-CG-C, 10-0278-KD-M, 10-0506-WS-M, 10-0618-CG-C, 10-0323-CB-B, 10-0386-CG-C, 10-0398-CB-C, 10-0416-KD-N, 10-0542-WS-C, 10-0662-KD-B, 11-0107-WS-C, 11-0167-CG-B, 11-0320-CG-M, 11-0321-KD-M, 11-0494-CG-M, 11-0456-CG-B, 11-0605-CG-M, 11-0656-KD-C, 11-0723-CG-M, and 12-0003-WS-N.

6

Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 21st day of May, 2012.

s/Bert W. Milling, Jr._____
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. Objection.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within

7

       ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>Transcript</u> (applicable Where Proceedings Tape Recorded). Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).